## SECOND DEPARTMENT, DECEMBER TERM, 1894.

In the Matter of Laying out a Highway at Tappan in the Town of Orangetown, Rockland County.— Order applied for granted.— DYKMAN, J.: This is an application under section 90, chapter 560 of the Laws of 1890, for an order confirming an order of the County Court of Rockland county to lay out a highway at Tappan in the town of Orangetown in that county. On the 6th day of June, 1893, the petitioners applied to the commissioners of highways of the town of Orangetown to lay out the highway mentioned in the petition set out in the record before us. Before thirty days thereafter the petitioners, by duly verified petition, applied to the County Court for an order appointing three commissioners to determine upon the necessity of such highway, and in case they found such highway necessary to assess the damages by reason of the laying out thereof. The County Court appointed the commissioners, who made and took the oath of office required by law. Due notice was given of the time and place of meeting. The commission was attended by the parties interested and by the commissioners of highways of the town of Orangetown. They personally examined the highway proposed to be laid out, and they were attended by representatives of the German Masonic Home, the respondents in this proceeding, who appeared personally and by counsel, and took testimony and reduced the same 'to writing on the question of damages. The commissioners then reported to the court that the highway should be laid out, but the County Court declined to confirm the report, holding that under the strict construction of the statute the commissioners should first certify that the highway was necessary. The county judge, therefore, sent the matter back for a further hearing before the same commissioners, who appointed a time and place of hearing, and both questions, that of necessity of the highway and damages to the German Masonic Temple Association, were fully litigated. The commissioners then made a unanimous report to the court, finding that the highway was necessary, and fixing the damages to the German Masonic Temple Association. The commissioners of highways of the town of Orangetown certified to the County Court that in their opinion the highway was necessary. On such certificate and proofs the county judge made an order, bearing date April 30, 1894, laying out such highway; that order is under the section above quoted, now presented to this court for confirmation. There is no irregularity in the proceedings, and our examination of the record satisfies us that the public highway in question was necessary, and that the damages awarded to the contestants were sufficient. More than three-fourths of the property through which the proposed road will pass has either been dedicated to the town for such purposes or the owners waive their claims for damages and consent to its construction. It is already constructed by private subscription for three-fourths of its entire length. The road as laid out avoids two dangerous railroad crossings at grade, which in all cases is very desirable. The order applied for should be granted. Brown, P. J., and Cullen, J., concurred.

Mamie Brown, as Administratrix, etc., Respondent, v. Royal E. Dean and Another, Appellants.—Order affirmed, with ten dollars costs and disbursements. No opinion. All concur. Cullen, J., recommended affirmance on the authority of *Rutherford* v. *Town of Madrid* (77 Hun, 545).

The People of the State of New York ex rel. Edson Lewis, Appellant, v. Edwin F. Brush and Others, Respondents.—Order affirmed, with costs and disbursements, on opinion of Special Term.

Philip Jacobs and Others v. Joseph Elias and Others and Louis Rubenstein.— Order affirmed. No opinion. All concur.

John Raven v. William R. Smith.— Motion for re-argument granted.

Joanna Ditmas and Others, Executors of Henry Clay Ditmas, Respondents, v. Hector M. Hitchings and Others, Executors of Benjamin G. Hitchings, Appellants.— Judgment affirmed, with costs. No opinion. Brown, P. J., not sitting.

|  |  |
| 83 | 613 |
| 152a | 625 |

Anthony Klemm, as Administrator, etc., Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.— Judgment reversed and new trial ordered, costs to abide event, unless plaintiff stipulates to reduce judgment to $2,500, if such stipulation is filed in twenty days. Judgment so modified affirmed, with costs, on opinion of Dykman, J., on former appeal.

Thomas N. Avery, Respondent, v. John Duffy, Sheriff of Westchester County, Appellant — Judgment affirmed, with costs. All concur. No opinion.

Leonard S. Tuthill, Appellant, v. E. Davis Tuthill and Others, as Executors of B. H. Tuthill, Deceased, Respondents. — Judgment affirmed, with costs. All concur. No opinion.

E. Katie Read, Executrix, Respondent, v. Abner Mills, Appellant.— Judgment affirmed, with costs.—

|  |  |
| 83 | 613 |
| 153a | 641 |

DYKMAN. J.: This is an action to recover for the services and disbursements of a lawyer who is now dead. The cause was tried before a referee who has made a report in favor of the plaintiff upon which a judgment has been entered. The defendant has appealed from the judgment. Without exception the case involved questions of fact only and the referee has made a very careful examination of the testimony. We are satisfied with his conclusions both upon the point of law raised and the questions of fact presented. The judgment should be affirmed, with costs. Brown, P. J., and Cullen, J., concurred, and are of opinion that the facts cannot be reviewed for lack of a certificate that the case contains all the evidence.

In the Matter of the Petition of the Brooklyn Elevated R. R. Company, Relative to Acquiring Title to Real Estate, etc.. in Lexington Avenue, Brooklyn. (Lands of Douglass.) — Final order affirmed, with costs.— DYKMAN, J.: It does not appear in this case that any erroneous principle of law was adopted by the commissioners in making their award or that any allowance was made for noise. It is not usual for an appellate court to interfere with awards of commissioners upon the question of damages merely and we find no reason for such interference in this case. The order should be affirmed, with ten dollars costs and disbursements. Brown, P. J., and Cullen, J., concurred.

The Whitehill Engine and Pictet Ice Machine Company, Respondent, v. Julius Binz, Appellant. Impleaded, etc.— Judgment and order affirmed, with costs.—

|  |  |
| 83 | 613 |
| 155a | 633 |

DYKMAN, J.: This is an appeal from a judgment entered upon a verdict in favor of the